BOWES, Judge,
dissenting.
I respectfully dissent from the opinion of my learned brothers. As succinctly stated in the majority opinion, “the jurisprudence is clear that the burden of establishing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment, and any doubts must be resolved against him. Even if the evidence preponderates in favor of the mover, the respondent is entitled to his day in court.” In my view, there are many doubts about the trial facts provided in this case and the defendants failed completely to carry the burden imposed upon them to obtain summary judgment.
In the case before us, in her original petition (on pages 2 and 4) filed some three months prior to her answers to interrogatories, plaintiff stated that the accident occurred in Tennessee. Further, the defendants here (Attorney Bizal et als) stated on page 3 of their answer: “Defendants affirmatively aver the applicability of the law of Tennessee and/or North Carolina with respect to the underlying accident.” [Emphasis supplied] The majority opinion seems to completely ignore these facts.
I am of the opinion that the statements made by both the plaintiff and the defendants as to Tennessee or North Carolina as the location of the accident certainly provides the basis for a genuine issue as to the material fact of exactly what information was originally provided by plaintiff to the defendants regarding the location of the accident and whether the attorney had some duty to investigate the situs more thoroughly. Surely, plaintiff is entitled to at least an opportunity to clarify these facts through a trial on the merits.
Accordingly, I am of the opinion that the judgment maintaining the motion for summary judgment should be reversed and a *925 full trial on the merits held to allow a full and final determination of all the facts, as well as the correct facts provided by plaintiff, as well as what duty, if any, the attorney had to investigate further.
For the above reasons, I respectfully dissent.